FRED L. JOHNSON ET AL., APPELLEES, V. PERMELIA JANE LOEWEN, APPELLANT.

272 N. W. 217

FILED MARCH 19, 1937.   No. 29927.

*Kirkpatrick, Good & Dougherty* and *W. W. Wycoff*, for appellant.

*W. W. Norton, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is a suit in equity brought by the plaintiffs, Fred L. Johnson and Henry W. Johnson, against the defendant, Permelia Jane Loewen, to quiet title to 80 acres of land in Polk county. From a decree quieting the title in plaintiffs as against the claims of defendant, the defendant appeals.

The record shows that on August 29, 1918, Lafayette Dowers died testate leaving surviving his widow, Permelia Jane Dowers, now Permelia Jane Loewen, defendant herein, and two daughters, Celestial Ethel Bond and Leonia Ellen Jacobson. By the provisions of the will, the widow was to have a life estate in the 80 acres herein involved, subject to a provision that her life interest should terminate in the event of her remarriage. The remainder was devised to Leonia Ellen Jacobson by the will. Other lands not involved in this suit were devised to the other daughter, Celestial Ethel Bond, subject to a similar provision providing for a life estate in the widow. The record further shows that on January 31, 1929, Permelia Jane Dowers remarried, and it is conceded that her life estate in the lands herein was terminated at that time. On June 27, 1929, the widow, now Permelia Jane Loewen, and the two daughters entered into a written agreement which the widow now contends conveyed an interest in the 80 acres to her and of which interest she still claims to be the owner. Many contentions are raised by the parties, but we find it necessary only to construe the contract to properly dispose of the case.

The first part of the contract that is material here is as follows: "The second party (the defendant herein) shall have the use of the property in Surprise, Nebraska, during her natural lifetime, and she shall also have control of the real property in Polk county, Nebraska (which includes the land involved herein), and shall have the right to lease

the same and to collect the rental, to choose the crops that shall be put on the premises and to have the right to determine as to rotation of crops and the sowing of grass seeds. She shall also have the right to look after the repair of the buildings on all of the property. The buildings are to be insured. From the gross amount of rental collected, the second party shall pay the taxes, the insurance premiums and the repair bills and the proceeds are to be divided into three equal parts and each of the parties of the first part and the party of the second part to share equally, that is to say Celestial Ethel Bond shall receive one-third of said proceeds, Leonia Ellen Jacobson to receive one-third of said proceeds and Permelia Jane Thomas to receive the remaining one-third of said proceeds."

Under this provision of the contract, Permelia Jane Loewen was to have "control" of the 80 acres involved in this action. The giving of control of real estate is not a conveyance of an interest therein. The fact that the duties of Permelia Jane Loewen are specifically set out, together with a provision in the agreement for payment of her services out of the net proceeds of the lands included in it, makes it appear to us that this part of the contract provides for nothing more than a contract of employment. Certainly if it had been intended to convey a life estate to Mrs. Loewen, it would not have been necessary to set out the duties she was to perform, the obligations she was to assume or the compensation she was to receive, for the reason that as to all these the law itself makes provision.

Difficulty arises, however, when we attempt to construe the next paragraph of the contract, which is as follows: "It is not the purpose of this instrument to convey any title to any of the real property hereinbefore described but it is only to give to the second party to this agreement the right to control and use said property during her lifetime." That this paragraph is ambiguous to such an extent as to require construction is quite apparent. We are faced with the anomalous situation of having one section of the contract clear and concise, with a subsequent section inserted

for the purpose of explaining the intent of the former, but which in fact makes the intent of the parties ambiguous. The contract was prepared by one not learned in the law and we can only assume the words used were given their ordinary and usual meaning. The word "title" is ordinarily defined as "the union of all the elements which constitute ownership, at common law divided into possession, right of possession, and right of property, the last two now, however, being considered essentially the same." Webster's New International Dictionary. The statement in the contract that "it is not the purpose of this instrument to convey any title to any of the real property" would ordinarily mean that an interest in the realty was not to be conveyed. But the following words, "but it is only to give to the second party to this agreement the right to control and use said property during her lifetime," would ordinarily amount to a conveyance of a life estate. Necessarily, these two provisions are absolutely conflicting. It is therefore necessary that we look elsewhere in the contract to determine the intent of the parties. The section of the contract first quoted plainly shows that Mrs. Loewen was to have "control" over the lands involved in this suit, as distinguished from the "use" of the premises, while as to other lands she was to have their use during her lifetime. This undoubtedly accounts for the use of the words "control and use said property" in the last quoted section of the contract. We therefore find the intent of the parties plainly set forth in the first quoted paragraph of the contract, and, under the situation existing in this case, we will give it effect rather than either of the conflicting and ambiguous statements contained in the subsequent paragraph.

As a text-writer has aptly said: "It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly, as the court cannot supply material stipulations or read into the contract words which it does not contain." 13 C. J. 525. Ap-

plying this principle to the case at bar, we are convinced that the intent of the parties, drawn from the contract as a whole, was not to convey any interest in the lands involved herein to the defendant, Permelia Jane Loewen. The judgment of the trial court is therefore correct and it is

AFFIRMED.